*E-Filed 11/18/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOYCE JORDAN,

    Petitioner,

  v.

KIMBERLY HUGHES, Warden,

    Respondent.

No. C 14-3282 RS (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

## INTRODUCTION

Petitioner seeks federal habeas relief from her state convictions.[1] The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The petition is DISMISSED with leave to file an amended petition on or before December 20, 2014.

## BACKGROUND

According to the petition, in 2010, a San Mateo County Superior Court jury convicted petitioner of driving under the influence resulting in bodily injury. She received a sentence of 6 years in state prison.

---

[1] The Court notes that the filing fee has been paid.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that (1) she is factually innocent, a claim she believes she can support with newly discovered evidence; (2) the trial court violated her right to due process by failing to instruct on the defense of involuntary intoxication; (3) the prosecution presented false evidence; and (4) defense counsel rendered ineffective assistance. When liberally construed, Claims 2–4 are cognizable on federal habeas review.

Claim 1, however, is not cognizable on federal habeas review and is DISMISSED with leave to amend. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[S]uch evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Townsend v. Sain*, 372 U.S. 293, 317 (1963). For Claim 1 to be cognizable on federal habeas review, petitioner must show that an independent constitutional violation occurred in the underlying state criminal proceedings in regard to this evidence.

Accordingly, the petition is DISMISSED WITH LEAVE TO AMEND. On or before December 20, 2014, petitioner shall file an amended petition addressing the concerns detailed above. The amended petition must include the caption and civil case number used in this order (14-3282 RS (PR)) and the words AMENDED PETITION on the first page. Because an amended petition completely replaces the previous petitions, petitioner must include in her amended petition all the claims she wishes to present, **including Claims 2–4 found cognizable above.** Petitioner may not incorporate material from the prior petition by reference. Failure to file an amended petition in accordance with this order will result in dismissal of this action with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: November 18, 2014

_____
RICHARD SEEBORG
United States District Judge